accordance therewith it was held that the currency of the invoice should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on the entry. The protest was sustained to this extent.

**No. 51833.**—Adolph Goldmark & Sons Corp. *v.* United States, protest 50133–K/90035 (Chicago).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoice should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on the entry. The protest was sustained to this extent.

**No. 51834.**—Amalgamated Textiles, Ltd., et al. *v.* United States, protests 57446–K, etc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

BEFORE THE SECOND DIVISION, JULY 7, 1947

**No. 51835.**—Wimelbacher & Rice *v.* United States, protests 497134–G, etc. (New York).

Opinion by KINCHELOE, J. It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333). The claim at 50 percent ad valorem under paragraph 915, plus any additional duty applicable under paragraph 924, was therefore sustained.

**No. 51836.**—Merrill, Clark & Meinig, Inc., et al. *v.* United States, protests 505961–G, etc. (New York).

Opinion by KINCHELOE, J. It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333). The claim at 50 percent ad valorem under paragraph 915, plus any additional duty applicable under paragraph 924, was therefore sustained.

**No. 51837.**—Alexander Pfister *v.* United States, protest 130461–K (New York).

Opinion by KINCHELOE, J. In accordance with stipulation of counsel that the merchandise consists of lithographically printed calendars similar in all material respects to those the subject of *United States* v. *Thorens, Inc.* (32 C. C. P. A. 137, C. A. D. 298), the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, JULY 7, 1947

**No. 51838.**—Edward Deans Importing Co., Inc. *v.* United States, protest 801134–G (New York).

Opinion by EKWALL, J. It was agreed that of the 11 cases covered by the entry involved, 8 cases remained in bonded warehouse and were withdrawn, duty being paid thereon subsequent to June 3, 1935. The collector in his letter of transmittal states that as to those 8 cases the claim that they are properly dutiable at $2.50 per proof gallon is well founded. In accordance with the agreement of counsel it was held that the 8 cases withdrawn subsequent to June 3, 1935 are properly dutiable as claimed. The protest was sustained to this extent.